## Coit v. Fitch.

Pendency of a suit upon a bond, is no bar to an action of ejectment, for· the recovery of lands mortgaged in security of the same debt.

Action of disseisin.— Plea — That on the 15th day of July, 1783, the defendant was indebted to the plaintiff, in the sum of £720 14s. 11d. which before that time had been secured to the plaintiff by two notes of hand, payable on demand:    That on said 15th day of July, 1783, the plaintiff required a further security for said debt; and the defendant, in order to obtain a further day of payment, did make and execute to the plaintiff, two deeds of the lands described in the plaintiff's declaration, on condition, that if said Fitch, his heirs, executors, administrators, or assigns, should well and truly pay, or cause to be paid, to the said Coit, his heirs, executors, administrators, or assigns, said two notes of hand, demanding said sum of £720 14s. 11d. then said deeds to be void; which is the only title by which the plaintiff challenges, and pretends to hold the demanded premises:    That on the 30th day of April, 1785, the defendant paid to the plaintiff, the sum of £189 9s. 5d. in full discharge of one of said notes, and the plaintiff received the same in payment thereof, and which was the whole sum secured by said note.    And the plaintiff instituted a suit against the defendant on the other note, mentioned in said deed, before the Court of Common Pleas, in the county of New London, and on the first Tuesday of February, 1785, recovered a judgment for the sum due thereon, and cost; and the plaintiff now hath his execution thereon, ready to be collected:    Wherefore, the plaintiff having made his election of the personal security given as aforesaid, said deeds have become void in law.

There was a replication and demurrer thereto; but the question made by the counsel, respected the sufficiency of the plea only.

Mr. Chandler and Mr. Dixon, for the defendant, contended — That the principles of the English law, respecting mortgages, were not applicable to the present case; for in England they were strictly dead pledges, and the mortgagee holds no other security for his debt; or he enters into possession, and pays himself with the rents; but here there were obligations, or personal security, given for the debt, and the creditor also held real estate, or collateral security for the same: He therefore had a double remedy, and might pursue which he pleased; when he had made his election, he should be bound by it. In this case, the creditor had made his election, by receiving part of the money, and commencing a suit for the remainder; he was therefore bound to pursue that line only for satisfaction.

Mr. Spalding, for the plaintiff, contended — That the mortgage deed conveyed an estate, defeasible only on condition of full payment; and that the creditor might pursue all his remedies at once, until that object was obtained, and that nothing short of that could affect the plaintiff's title.

By the whole COURT. The plaintiff's deed vested him immediately with the fee of the land, and was defeasible only by the payment of two certain notes, one of which is not yet paid. The suit had upon it was a demand, but not payment. As to the plaintiff's having made his election by that suit, it is true, he can have but one satisfaction for his debt, but both securities hold till he has that. No proceedings on the note, short of payment, will exonerate the land; nor will ejectment, or any proceedings on the land, discharge the note, unless it

be a foreclosure of the equity of redemption, which takes it out of the nature of a pledge, and appropriates it in payment; nor, as hath been contended, is the pendency of a process on one of the securities, a bar in the meantime to a process on the other. It hath been adjudged, that pending a process in chancery, for a foreclosure, a suit may be brought on the bond — in the case of Burnell v. Martin, Douglas' Rep. 401. In which case it was said, by the judge, to have been "settled, over and over again, that a person in such case, is at liberty to pursue all his remedies at once." Satisfaction for the debt, is the object; this it is the duty of the debtor to make, and all the pledges or securities he has seen fit to give, to enforce a fulfillment of the duty, hold, and may be relied on and pursued, until it is performed. Should there be an attempt to pursue either of them farther, specific relief may be had, by an *audita querela*, or a bill in equity: Wherefore, the process upon the note, in this case, as it has not produced satisfaction of the debt, is no bar to the present action.

So judgment was rendered for the plaintiff.

Note.— This judgment was afterwards affirmed in the Supreme Court of Errors.